Alonzo HIGGINBOTHAM,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0404–CR–342.

Court of Appeals of Indiana.

March 10, 2005.

Publication Ordered April 22, 2005.

ˈDanielle L. Gregory, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Alonzo Higginbotham ("Higginbotham") pled guilty to Class C

felony battery[1] in Marion Superior Court. Pursuant to the plea agreement, he was sentenced to serve eight years with two years suspended to probation. He appeals and argues that his sentence violates his Sixth Amendment right to a jury trial under *Blakely v. Washington.* Concluding that he waived his *Blakely* claim, we affirm.

## Facts and Procedural History

On January 14, 2004, Higginbotham pled guilty to Class C felony battery. At the guilty plea hearing, Higginbotham admitted to kicking and hitting his wife in the face, torso, legs, and arms. As a result of the battery, his wife's arm was broken, requiring two surgeries, and her nose was fractured causing her severe pain. Tr. pp. 14–16.

The plea agreement provided that the State would recommend a fixed eight-year sentence, six years to be served at the Department of Correction and two years suspended to intensive supervised probation with domestic violence counseling at an approved provider. Appellant's App. p. 55. In exchange for Higginbotham's guilty plea, the State agreed to dismiss one count of Class D felony intimidation, one count of Class A misdemeanor domestic battery, and an habitual offender count. Consistent with the plea agreement, on February 11, 2004, Higginbotham was sentenced to serve eight years with two years suspended to probation. Higginbotham now appeals.[2]

1. Ind. Code § 35–42–2–1 (2004).

2. Higginbotham's belated notice of appeal was filed on April 8, 2004.

3. Recently, in *Strong v. State,* 820 N.E.2d 688, 690 (Ind.Ct.App.2005), our court observed that "there are circumstances wherein a de-

## Discussion and Decision

Higginbotham argues that his Sixth Amendment right to a jury trial was violated because the trial court imposed an enhanced sentence using facts not found by a jury or admitted during the guilty plea hearing. In support of his argument, Higginbotham relies on the United States Supreme Court's recent opinion in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The State contends that "*Blakely* is not implicated when a defendant enters into a plea agreement calling for a specific sentence to be imposed." Br. of Appellee at 1.

"A plea agreement is contractual in nature and binds the defendant, the State, and the trial court." *Gist v. State,* 804 N.E.2d 1204, 1206 (Ind.Ct.App.2004). If the trial court accepts the plea agreement, the court is bound by its terms. *Lee v. State,* 816 N.E.2d 35, 38 (Ind.2004) (quoting *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994)). We also observe that the right to a trial by jury guaranteed by the Sixth Amendment is subject to knowing, intelligent, and voluntary waiver. *Leone v. State,* 797 N.E.2d 743, 750 n. 5 (Ind.2003) (citing *Woodson v. State,* 501 N.E.2d 409, 411 (Ind.1986)). Moreover, by pleading guilty, Higginbotham forfeited claimed entitlement to certain rights, including the right to a jury trial.[3] *See id.*

At the guilty plea hearing, the trial court explained Higginbotham's rights, Higginbotham indicated that he understood his rights, and that he waived his rights by pleading guilty. Tr. pp. 9–11.

fendant may waive his or her *Blakely* contention. For example, as noted by the *Blakely* court, guilty plea defendants may waive their *Apprendi* rights by either stipulating to the relevant facts supporting the sentence enhancements or consenting to judicial factfinding."

The plea agreement provided that the State would recommend a sentence of eight years with two years suspended to probation. Appellant's App. p. 55. By entering into the plea agreement, Higginbotham agreed to serve the enhanced sentence and cannot now claim that his Sixth Amendment right to a jury trial was violated when the trial court imposed the sentence he consented to in the plea agreement.[4]

Affirmed.

BAILEY, J., and SULLIVAN, J., concur.

## ORDER

This Court having heretofore handed down its opinion in this appeal on March 10, 2005, marked Memorandum Decision, Not for Publication.

Comes now the Appellee, by counsel, and files herein its Verified Motion for Publication of Memorandum Decision, alleging therein that said decision clarifies the relatively new area of law surrounding the recent United States Supreme Court decision in *Blakely*. The Appellee alleges that said decision specifically holds that a defendant who enters into a plea agreement that calls for an enhanced sentence cannot claim that his Sixth Amendment right to a jury was violated when the trial judge imposed the sentence he consented to in the plea agreement. The Appellee further alleges that there is no published opinion in Indiana that has applied *Blakely* in this circumstance. The Appellee therefore requests that this court order the publication of its opinion in this appeal.

The Court having reviewed its opinion, having examined the Verified Motion for Publication and being duly advised, now finds that said Motion should be granted.

IT IS THEREFORE ORDERED that the Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion in this appeal heretofore handed down on March 10, 2005, marked Memorandum Decision Not for Publication, is now ordered published.

All Panel Judges Concur.

---

4. The facts of this case are distinguishable from those in *Blakely* where the plea agreement contained a recommendation for a sentence of forty-nine to fifty-three months, but the trial court imposed a ninety-month sentence over the defendant's objection. *Blakely*, 124 S.Ct. at 2535.