118 P.3d 1122

**STATE of Arizona, Respondent,**

v.

**Miles WARD, Jr., Petitioner.**

**No. 1 CA–CR 04–0435–PR.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 6, 2005.

As Amended Sept. 8, 2005.

Review Denied April 20, 2006.

---

Andrew Thomas, Maricopa County Attorney's Office, By E. Catherine Leisch, Deputy County Attorney, Phoenix, Attorneys for Respondent.

Maricopa County Public Defender's Office, By Peg Green, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

## OPINION

IRVINE, Judge.

¶ 1 Petitioner Miles Ward, Jr., seeks review of the trial court's orders summarily dismissing both his petition and supplemental petition for post-conviction relief. For the reasons that follow, we grant relief in part and deny it in part. In the course of our decision, we hold that the United States Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to all "Rule 32 ofright" post-conviction relief proceedings not yet final on direct review when *Blakely* was decided. We also hold that Ward did not waive the right to a jury determination of the facts used to aggravate his sentences when he waived the right to a jury trial on the offenses charged. We join with the majority of courts that have held that a waiver of the right to a jury trial in the context of a plea agreement cannot be interpreted as a valid waiver of the right to a jury trial for sentencing proceedings, unless the record shows that the defendant knew, first, that he had this right, and second, that by pleading guilty, he was waiving that right.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Pursuant to a plea agreement, Ward pled guilty to kidnapping, a Class 2 felony, and theft of a credit card, a Class 5 felony. Although the parties did not agree to any specific sentence, the plea agreement stipulated that Ward would be sentenced to no less than the presumptive term for each offense.[1] The factual basis was as follows:

THE COURT: Let's talk about the factual basis, first of all, in the 2003 matter. This is for the Kidnapping and Theft of a Credit Card. What did you do back on November 24th of 2002 that would constitute these type offenses?

THE DEFENDANT: Your Honor, I used a credit card and—

THE COURT: And this was a credit card, I assume, that was stolen from someone else?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you didn't have permission to be using that credit card?

THE DEFENDANT: No, Your Honor.

THE COURT: That was here in Maricopa County?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And then in regard to the Kidnapping, did you restrain someone? And this is—the victim's name is Shigao T[.], and is that the person that you restrained?

THE DEFENDANT: Yes, ma'am.

THE COURT: Was that with the purpose of robbing that person?

THE DEFENDANT: Yes, ma'am.

THE COURT: And did all of this occur here in Maricopa County in the Tempe area?

THE DEFENDANT: Yes, ma'am.

¶ 3 Prior to sentencing, Ward filed a motion for change of counsel. Because Ward did not set forth any grounds to support a change of counsel, the trial court denied the motion. At sentencing, the trial judge told Ward that for kidnapping:

I am going to sentence you to an aggravated term of eight years....

I do believe that the aggravated term is appropriate in your case because of the trauma that you inflicted upon the victim. This offense was committed for pecuniary gain. It was very cruel, and heinous and caused him a lot of physical and mental trauma, and had a lasting impact on him.

Relying on these same aggravating factors, the trial judge then sentenced Ward to an aggravated term of two years for theft of a credit card.

---

1. Kidnapping, a Class 2 felony, carries a presumptive sentence of 5 years and a maximum sentence of 12.5 years. Theft of a credit card, a Class 5 felony, carries a presumptive sentence of 1.5 years and a maximum of 2.5 years. Ariz.Rev. Stat. §§ 13–701, –702, and –702.01 (2001).

¶4 Ward timely commenced his "Rule 32 of-right" post-conviction relief proceeding, and appointed counsel filed a petition for post-conviction relief. Ward claimed that he had been denied his right to counsel when the trial court denied his motion for change of counsel. The State filed a response and argued that Ward had failed to state a colorable claim. In a minute entry setting forth its reasons in full, the trial court found no colorable claim, and summarily dismissed the petition for post-conviction relief. Ward timely petitioned this court for review, and the State responded.

¶5 Before we considered this matter, *Blakely* was decided. We granted Ward's motion to stay this matter and remanded the matter back to the superior court to allow Ward to supplement his petition for post-conviction relief with a *Blakely* claim. Ward presented his *Blakely* claim, the State responded, and the trial court denied relief. The trial court found that:

> At the time Defendant pled guilty, the Supreme Court had not construed the Sixth Amendment to require that a defendant had a right to have a jury determine any aggravating factors that would increase his sentence. Thus, Defendant had no such right at that time. At the change of plea proceeding, the Court advised Defendant of the constitutional rights he was waiving when he entered his pleas, and Defendant knowingly, intelligently and voluntarily waived those rights. The Court was certainly not required to advise Defendant of a right that he did not have at that time, and by entering his pleas Defendant waived any non-jurisdictional defenses. The fact that there has been a change of the law subsequent to Defendant's change of plea and sentencing hearings does not lead to the conclusion that his plea was involuntary.

The trial court also found "that ... because *Blakely* was decided after Defendant pled guilty and was sentenced, ..." *Blakely* was not retroactive to his case.

¶6 We allowed Ward to supplement his petition for review.[2] In the supplemental petition, Ward argues that *Blakely* applies to

his case, and that he did not waive his right to a jury determination of the aggravating factors. The State responded and concedes that the trial court erred when it found that *Blakely* was not retroactive to Ward's case. Nevertheless, the State argues that we should find no abuse of the trial court's discretion because Ward waived his right to a jury on all issues when he entered into his plea agreement. Furthermore, the State argues, the fact that the law changed after Ward had pled guilty does not render his plea involuntary.

## DISCUSSION

■■■ ¶7 We will reverse a trial court's summary dismissal of post-conviction relief proceedings only if there is an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990). A court abuses its discretion if the reasons given for its action are "legally incorrect." *State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983). Because Ward's "Rule 32 of-right" proceeding is the functional equivalent of a direct appeal, and because the proceeding was not yet final when *Blakely* was decided, *Blakely* applies. Furthermore, because the record does not reflect that Ward knowingly, voluntarily and intelligently waived his right to have a jury find beyond a reasonable doubt any aggravating factors, the trial court's finding of waiver is unsupported.

### A. Applicability of *Blakely* to Rule 32 Of–Right Proceedings

■■ ¶8 Generally under *Teague v. Lane*, 489 U.S. 288, 305, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality), new constitutional rules do not apply retroactively to cases on collateral review. Because post-conviction relief proceedings are generally "collateral," we begin our analysis with a discussion of the nature of Arizona's "Rule 32 of-right" post-conviction relief proceeding.

■■■ ¶9 Arizona's constitution guarantees that every criminal defendant "shall have ... the right to appeal in all cases."

2. Although we grant review of both the petition and supplemental petition for review, we deny relief on the claim presented in the petition for

review. Thus, we only address the issues presented in the supplemental petition for review.

Ariz. Const. art. 2, § 24. For many defendants, that means the right to a direct appeal. But for defendants like Ward who plead guilty, the right of direct appeal is waived. Ariz. R.Crim. P. 17.1(e). Nevertheless,

> In accord with art. 2, § 24, however, th[at] rule [ ] [17.1(e) ] specifically allow[s] the defendant to "seek review ... by filing a petition for post-conviction relief pursuant to Rule 32." Ariz. R.Crim. P. 17.1(e)[ ]; *Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993) ("It was precisely because of art. 2, § 24 that this court expressly left open the avenue of appellate review by PCR in lieu of direct appeal when it amended the rules with respect to cases involving [guilty pleas].").  Thus, for such defendants, including the defendants in the cases before us, a Rule 32 proceeding is the only means available for exercising the constitutional right to appellate review. As we recently explained, "[t]hat right cannot be waived merely by a plea or admission." *Wilson*, 176 Ariz. at 123, 859 P.2d at 746.

*Montgomery v. Sheldon*, 181 Ariz. 256, 258–59, 889 P.2d 614, 616–17 (1995), *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (1995). Rule 32 incorporates this appeal right: "Any person who pled guilty ... shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding." Ariz. R.Crim. P. 32.1. Thus, even though this matter is a post-conviction relief proceeding, by virtue of Article 2, Section 24 of the Arizona Constitution, as interpreted by *Montgomery*, it is the functional equivalent of a direct appeal.

■ ¶ 10 The next step in our analysis is to determine whether Ward's Rule 32 of-right proceeding was pending when *Blakely* was decided. *Blakely* applies to all convictions not yet final on direct review the day *Blakely* was decided, even if the defendant was sentenced before the decision. *State v. Febles*, 210 Ariz. 589, 592, ¶ 7, 115 P.3d 629, 632 (App.2005); *State v. Miranda–Cabrera*, 209 Ariz. 220, 226, ¶ 26, 99 P.3d 35, 41 (App. 2004); *State v. Tschilar*, 200 Ariz. 427, 432, ¶ 15, 27 P.3d 331, 336 (App.2001).

■ ¶ 11 A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *State v. Towery*, 204 Ariz. 386, 389–90, ¶ 8, 64 P.3d 828, 831–32 (2003) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Here the parties agree that Ward's Rule 32 of-right proceeding was not yet final when *Blakely* was decided because Ward's case was still on review in this court. Thus, *Blakely* applies to Ward's case.

## B.  The Effect of the Plea Agreement

■ ¶ 12 We must now decide whether Ward waived his right to have a jury find beyond a reasonable doubt aggravating factors when he entered into his plea agreement. We conclude that he did not waive his rights based on (1) a record that lacks the constitutionally required "knowing and intelligent relinquishment or abandonment of a known right or privilege," *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), (2) the express language in *Blakely*, which itself was a plea agreement case, and (3) the lack of any persuasive authority to the contrary.

■ ¶ 13 It is true that, like Blakely, Ward waived his right to a jury trial on the offenses charged when he entered into his plea agreement. It is also true that this waiver was made knowingly, voluntarily and intelligently, and that it appears affirmatively in the record as required. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (court cannot presume a valid waiver of the jury right from a silent record). Nevertheless, this waiver cannot be interpreted as a valid waiver of a fundamental right that was unknown to Ward at the time he entered into his plea agreement. Although some constitutional rights may be waived without actual knowledge of the right involved,[3] the right to a jury trial is a fundamental right and may not be waived without the defendant's knowledge, and absent a voluntary

---

**3.** *See Schneckloth v. Bustamonte*, 412 U.S. 218,   236–44, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

and intelligent waiver. *State v. Butrick*, 113 Ariz. 563, 565–66, 558 P.2d 908, 910–11 (1976). Here of course, Ward was not advised of, and did not knowingly waive, his right to a jury determination on any fact necessary to increase his sentence beyond the presumptive term. Whether the right existed when Ward pled guilty or not does not change the analysis because *Blakely* applies to all cases not yet final on direct review. *Griffith*, 479 U.S. at 328, 107 S.Ct. 708 (new constitutional rules apply to all cases on direct review).

¶ 14 Of note here is our decision in *Aragon v. Wilkinson*, 209 Ariz. 61, 97 P.3d 886 (App. 2004). In *Aragon*, the parties entered into a plea agreement. *Id.* at 63, ¶ 2, 97 P.3d at 888. The trial court accepted the plea agreement and scheduled sentencing for July 9, 2004. *Id.* Prior to sentencing, on June 24, *Blakely* was decided. *Id.* at 63–64, ¶ 3, 97 P.3d at 888–89. In light of *Blakely*, the state asked Aragon to amend the plea agreement by signing a waiver of her Sixth Amendment right to have a jury determine facts that might be used to support the imposition of an aggravated sentence. *Id.* She declined, and the state moved to withdraw from the plea agreement. *Id.* at ¶ 4. The trial court granted the motion and Aragon brought a special action to this court. *Id.*

¶ 15 One of the arguments advanced by the state was that Aragon had breached the plea agreement when she refused to sign a waiver of her jury right pursuant to *Blakely*. *Id.* at 65, ¶ 11, 97 P.3d at 890. We rejected that argument and stated:

> The State contends that because Aragon pleaded guilty to avoid putting the victim through the trauma of a jury trial, Aragon's refusal to waive her Sixth Amendment rights breaches her agreement not to subject the victim to a trial, thereby permitting the State to withdraw from the agreement. We disagree. Aragon waived her right to a jury trial for the guilt phase of the proceedings. She did not agree to waive any right to a jury trial for the sentencing phase should the law require one before an aggravated sentence can be imposed. Thus, she did not breach any term of the agreement.

*Id.* at ¶ 12.

¶ 16 In every reported decision we have found, all courts but two have held that a guilty plea waiver of the right to a jury trial does not validly waive the jury right pursuant to *Blakely*. *See Lopez v. People*, 113 P.3d 713, 727 (Colo.2005) ("A guilty plea waives the right to a jury trial on the issue of guilt but is not a stipulation to judicial sentencing"); *State v. Curtis*, 126 Wash.App. 459, 108 P.3d 1233, 1236, ¶ 12 (2005) (a waiver of the right to a jury trial in a guilty plea is not a valid waiver for the jury right pursuant to *Blakely); State v. Fairbanks*, 688 N.W.2d 333, 336–37 (Minn.App.2004) *(review granted* Jan. 20, 2005) (a waiver of the right to a jury trial does not extend to the sentence proceeding); *Strong v. State*, 817 N.E.2d 256, 258–59 (Ind.App.2004), *aff'd on reh'g*, 820 N.E.2d 688 (Ind.App.2005) (same); *State v. Gornick*, 196 Or.App. 397, 102 P.3d 734, 741 (2004) (defendant's guilty plea did not constitute a waiver of the right to have a jury determine aggravating factors); *People v. Solis–Martinez*, No. 03CA1365, 121 P.3d 215, 2004 WL 2002525, at *2–3 (Colo.App. Sept.9, 2004) (rejecting state's argument that defendant waived right to jury determination of aggravating factors by pleading guilty); *People v. Johnson*, No. 03CA2339, 121 P.3d 285, 2005 WL 774416, at *2 (Colo.App. Apr.7, 2005) (same); *Averitte v. State*, 824 N.E.2d 1283, 1287–88 (Ind.App.2005) (jury trial waiver that failed to advise defendant of jury right under *Blakely* invalid); *See also State v. Hagen*, 690 N.W.2d 155, 158 (Minn.App. 2004) (effect of admission tantamount to jury waiver and absent express, knowing waiver, use of aggravating factors not found by jury invalid); *State v. Aleman*, 210 Ariz. 232, 245, ¶ 42, 109 P.3d 571, 584 (App.2005) (Flòrez, J., concurring in part and dissenting in part) (finding *Boykin* standard must be satisfied before defendant's admissions of fact may be used for sentencing enhancements).

¶ 17 A panel of Division Two of this court recently issued an opinion and reached the same conclusion. *State v. Brown*, 210 Ariz. 534, 539, ¶ 12, 115 P.3d 128, 133 (App.2005). In *Brown*, the State contended McMullen

had waived his right to a jury trial on the sentencing factors when he waived the right to a jury trial generally. *Brown* rejected the argument:

> The state correctly notes that McMullen waived his right to a jury trial in the plea agreement and that he did so orally at the change-of-plea hearing. But that right related only to the guilt phase on the substantive offense. Before a defendant may be deemed to have waived a constitutional right such as the right to a jury trial, it must be clear that the defendant knowingly, voluntarily, and intelligently relinquished that right. *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 1712 n. 5, 23 L.Ed.2d 274, 280 n. 5 (1969); *see also* Ariz. R.Crim. P. 17.1(b), 18.1, 16A and 17 A.R.S. (setting forth criteria for pleading guilty and waiving right to jury trial); *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938) (defendant's waiver of constitutional rights may only be based on intentional relinquishment of known right).

*Id.* at ¶ 11.

¶ 18 These opinions, and ours, are fully supported by the *Blakely* opinion itself. In fact, *Blakely* compels this result. As noted, *Blakely* was a plea agreement case, and like Ward, Blakely waived his right to a jury trial. It is fair to assume that if Blakely's waiver of his right to a jury trial served as a waiver to the right to a jury determination of aggravating factors, the court would have said so, and would not have remanded the case for further proceedings. Instead, *Blakely* expressly sets forth two circumstances in which a defendant who pleads guilty may waive the right to a jury determination on aggravating factors. Specifically, the court stated:

> When a defendant pleads guilty [and necessarily waives the right to a jury trial], the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty.

*Blakely*, 124 S.Ct. at 2541 (internal citations omitted). Not surprisingly, we have found no persuasive authority to support the proposition that the waiver of the right to a jury trial extends to the sentencing proceedings.

¶ 19 As noted, we have found two cases in which the court reached a contrary result. In *Higginbotham v. State*, 826 N.E.2d 5 (Ind. App.2005), the court held that by pleading guilty and agreeing to a specific sentence, Higginbotham waived his right to a jury on all issues. *Id.* at 7. On appeal, Higginbotham argued that the trial court had violated his right to a jury trial because the court imposed an enhanced sentence using facts not found by a jury or admitted by Higginbotham during the guilty plea hearing, as required by *Blakely*. *Id.* at 6.

¶ 20 The court rejected the claim, stating that a plea agreement "is contractual in nature and binds the defendant." *Id.* (citation omitted). The court held that when the trial court had accepted the plea, all parties were bound by its provisions. The court then noted that "the right to a trial by jury . . . is subject to knowing, intelligent, and voluntary waiver." *Id.* (citation omitted). The court stated that Higginbotham had been advised of his right to a trial by jury and waived it at the guilty plea hearing. We are not persuaded by *Higginbotham* because (1) it decides that Higginbotham knowingly waived his jury right pursuant to *Blakely* when he was *unaware* of the right when he pled guilty, and (2) it ignores the express language in *Blakely* quoted above. We are similarly unpersuaded by *State v. Anderson*, 374 N.J.Super. 419, 864 A.2d 1174 (App.Div.2005), which reached the same result as *Higginbotham*, for much the same reasons.

■■■ ¶ 21 The State argues that two pre-*Blakely* opinions, *People v. Townsell*, 209 Ill.2d 543, 283 Ill.Dec. 910, 809 N.E.2d 103 (2004) and *United States v. Sowemimo*, 335 F.3d 567 (7th Cir.2003), support its position that by entering into the plea agreement, Ward waived his right to have a jury determine aggravating factors pursuant to *Blakely*. In *Townsell*, the court did hold that Townsell's guilty plea waived any jury trial right, including any claim based on *Apprendi*.[4] *Townsell*, 283 Ill.Dec. 910, 809 N.E.2d

---

4. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

at 104. As in *Higginbotham,* however, there is no explanation as to how Townsell knowingly waived a right that he was not aware of when he pled guilty. And *Sowemimo* does not stand for the proposition that a waiver of the right to a jury trial waives the right to a jury determination of aggravating factors.[5] *Sowemimo,* 335 F.3d at 570. That case also dealt with an *Apprendi* claim, and the court simply stated that Sowemimo's "guilty plea did not reserve this as an argument for appeal, and it is thus waived." *Id.*

¶ 22 Lastly, the State argues that pursuant to *State v. Murdaugh,* 209 Ariz. 19, 97 P.3d 844 (2004), the fact that the law changed after Ward pled guilty does not render his plea involuntary. However, *Murdaugh,* and the case on which it relied, *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), involved claims that the respective plea agreements were involuntary and coerced. In each case, the defendant was seeking to withdraw from the plea. In contrast Ward, like the defendant in *Aragon,* does not seek to withdraw from the plea. Rather, he seeks to invoke his right to a jury determination of the aggravating factors used to increase his sentence. *See Brown,* 210 Ariz. 534, 542, ¶ 23, 115 P.3d at 136. *(Murdaugh* "does not require a different result" because McMullen is not claiming his plea is involuntary, he is invoking his right to a jury trial on sentencing facts).

¶ 23 Finally, we note that even if *Murdaugh* could be interpreted as the State urges, the validity of such interpretation would be highly questionable in light of the express language in *Blakely.*

### III. CONCLUSION

¶ 24 The United States Supreme Court's opinion in *Blakely* applies to all "Rule 32 of-right" post-conviction relief proceedings not yet final on direct review when *Blakely* was decided, and a waiver of the right to a jury trial for the guilt phase of the proceedings does not extend to the sentencing phase. We grant review of the petition for review and the supplemental petition for review, but we deny relief on the petition for review. We grant relief on the supplemental petition for review because the trial court abused its discretion when it summarily dismissed Ward's *Blakely* claim. We vacate the order of summary dismissal and remand this matter for further proceedings consistent with this decision and the supreme court's decision in *State v. Henderson,* 210 Ariz. 561, 115 P.3d 601 (2005).

G. MURRAY SNOW, P.J., and SHELDON H. WEISBERG, J., concur.

---

**5.** Federal cases deciding the waiver question are inapplicable. In Arizona, a defendant cannot waive the constitutional right of appeal in a plea agreement. *State v. Ethington,* 121 Ariz. 572, 573–74, 592 P.2d 768, 769–70 (1979)(right to appeal is not negotiable in plea bargaining and as a matter of public policy a defendant will be permitted to bring a timely appeal). In contrast, in federal court the statutory right of appeal is negotiable. *United States v. McKinney,* 406 F.3d 744, 745–46 (5th Cir.2005). Thus most federal courts have held that if a defendant waived the right to appeal in the plea agreement, the defendant cannot appeal on the grounds that the guilty plea is involuntary based on *Blakely. See United States v. Green,* 405 F.3d 1180, 1190–91 (10th Cir.2005) and cases cited therein.