168 P.3d 1123 (2007)
2007-NMCA-130
STATE of New Mexico, Plaintiff-Appellee,
v.
Jonathan KING, Defendant-Appellant.
No. 24,323.
Court of Appeals of New Mexico.
June 27, 2007.
Certiorari Granted September 25, 2007.
*1124 Gary K. King, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.
John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.
Certiorari Granted, No. 30,624, September 25, 2007.

OPINION
CASTILLO, Judge.
{1} In a previous unpublished memorandum opinion, this Court affirmed the aggravation of Defendant's sentence. Defendant petitioned the New Mexico Supreme Court for a writ of certiorari, which was denied. Subsequently, Defendant filed a petition for writ of certiorari in the United States Supreme Court, which granted Defendant's petition, vacated the judgment, and remanded the case to this Court for further consideration in light of Cunningham v. California, ___ U.S. ___, ___, 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007) (striking down California's determinate sentencing law, which is similar to that of New Mexico, on the ground that the California law violated the Sixth Amendment right to a jury trial). We conclude that Defendant's sentence violated Defendant's right to a jury trial. We therefore remand for resentencing in accordance with this opinion and Cunningham.
*1125 I. BACKGROUND
{2} Defendant was charged in two complaints with several crimes related to his interaction with three young girls. Ultimately, Defendant pled guilty to two counts of attempt to commit criminal sexual penetration in the first degree, and to one count each of criminal sexual contact of a minor in the third degree and failure to appear. Later, the trial court held a sentencing hearing to take evidence and statements that would assist in determining the appropriate sentence. See NMSA 1978, § 31-18-15.1 (1993). The court viewed videotapes of each victim's investigatory interview at the Children's Safe House of Albuquerque (Safe House), during which the victims vividly recounted the events that formed the basis of the charges against Defendant. The court also viewed another videotape, recorded by the mother of one victim, in which the child discusses her friendship with Defendant's adopted daughter. In addition, the court listened to a letter read aloud from another alleged victim, who is unrelated to the charges in the instant case, and heard testimony from a Safe House employee who worked as an interviewer in unrelated child abuse cases with Defendant, while Defendant was acting in his former job capacity as a law enforcement officer. Finally, the court heard argument from the State based on facts presented at the sentencing hearing.
{3} After considering this evidence, the trial court imposed the basic statutory sentence for each count and, sua sponte, aggravated each sentence by one-third, the maximum permitted. See NMSA 1978, § 31-18-15 (2005) (establishing the basic sentence available); see also § 31-18-15.1 (establishing the procedure for altering a basic sentence). The reasons for aggravating the basic sentence were enumerated in the judgment and sentence:
a.) [D]efendant's use of his position of authority to commit the charged offenses.
b.) [D]efendant's use of his adopted daughter . . . in the facilitation of his offenses.
c.) [D]efendant's use of his knowledge of law enforcement procedures in the facilitation of his offenses.
d.) The manner of how [D]efendant told the victims not to report the offenses.
Defendant filed a motion to reconsider, which was denied.
II. STANDARD OF REVIEW
{4} Generally, we review a trial court's sentencing determination for abuse of discretion. State v. Bonilla, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491. However, we review de novo any question regarding the legality of the sentence. State v. Williams, 2006-NMCA-092, ¶ 4, 140 N.M. 194, 141 P.3d 538.
III. DISCUSSION
{5} This Court previously affirmed Defendant's aggravated sentence in reliance on our Supreme Court's decision in State v. Lopez, 2005-NMSC-036, ¶ 55, 138 N.M. 521, 123 P.3d 754 (concluding that New Mexico's sentencing scheme is consistent with Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that Section 31-18-15.1 is constitutional). Subsequently, the United States Supreme Court issued Cunningham, explaining the holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely, and Booker, and thereafter remanded the instant case for reconsideration. See Cunningham, 127 S.Ct. at 864-68. We now reconsider Defendant's arguments in light of Cunningham. We recognize that Cunningham deals with sentencing after a jury trial. 127 S.Ct. at 860. Accordingly, we must read Cunningham in conjunction with Blakely because Blakely deals with a sentencing after a plea agreement-the circumstances we have in this case. See Blakely, 542 U.S. at 298, 124 S.Ct. 2531.
{6} Defendant's arguments are based on Blakely. He contends that the enhancement of his sentence violated his rights under the Sixth Amendment because the enhancement was based on findings that were not part of the factual basis for the plea and because the plea alone did not authorize the aggravated sentence. See Blakely, 542 U.S. at 303, 124 S.Ct. 2531 (stating that the "maximum sentence" *1126 is that which the "judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant"). In this case, there is no contention that the aggravation was based on facts found by a jury. We understand Defendant to be arguing that his admissions when he entered his plea agreement could not legally form the basis for enhancement of his sentence.
{7} The State counters with two arguments. First, the State argues that under New Mexico law, Blakely does not apply and therefore the trial court was not required to consider specific factors or make factual findings beyond the factual basis entered in the plea in order to impose an aggravated sentence. Second, the State argues that even if Blakely were to apply, the facts admitted by Defendant when he entered his plea provide the basis on which the sentence was properly aggravated. We address each argument in turn.
A. New Mexico Law
{8} The State argues that under New Mexico law, the trial court was not required to consider specific factors or make factual findings beyond the factual basis entered in the plea in order to impose an aggravated sentence. The State asserts that the court was only required to hold a hearing. It appears that the State bases this argument on its contention that State v. Wilson, 2001-NMCA-032, 130 N.M. 319, 24 P.3d 351, is controlling. In Wilson, this Court held that Sections 31-18-15 and 31-18-15.1 created a sentencing range "within which a court may exercise discretion as long as the discretion is supported by the required statement of reasons on the record." Wilson, 2001-NMCA-032, ¶ 13, 130 N.M. 319, 24 P.3d 351; see Lopez, 2005-NMSC-036, ¶ 55, 138 N.M. 521, 123 P.3d 754 (reaffirming the holding in Wilson and concluding that the sentence authorized by Section 31-18-15.1 is the statutory maximum for purposes of the Sixth Amendment).
{9} Our Supreme Court's holding in Lopez relied heavily on its analysis of a California case construing California's sentencing structure, which is similar to that of New Mexico. 2005-NMSC-036, ¶¶ 36, 53-54, 138 N.M. 521, 123 P.3d 754 (discussing and relying on People v. Black, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534 (2005)). However, the United States Supreme Court held in Cunningham that California's sentencing structure violated the defendant's Sixth Amendment right to a jury trial. 127 S.Ct. at 868 (discussing Black, stating that "[i]n accord with Blakely, . . . the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum," and therefore concluding that California's sentencing scheme violated the bright-line rule, which requires a jury determination beyond a reasonable doubt of any fact increasing the criminal penalty beyond the statutory maximum). Thus, in light of Cunningham, we cannot conclude that the reasoning of Wilson is controlling under these circumstances.
B. Nature of the Sentencing Process
{10} Moreover, to the extent that the State contends there is no violation of Defendant's Sixth Amendment rights because the trial court in New Mexico is not required to consider specific factors nor make findings beyond the factual basis entered in the plea, we are not persuaded. The State asserts that "it is the mandatory nature of the judicial sentencing process that created the Sixth Amendment problem" in both Blakely and Booker and thus neither case applies to the New Mexico sentencing scheme. See Booker, 543 U.S. at 233, 125 S.Ct. 738 (finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue [because] the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges"). The State misconstrues Blakely and Booker.
{11} The violation of the Sixth Amendment is not in the mandatory nature of the scheme but in the judicial fact-finding that mandates the statutory maximum or allows the sentencing judge to go beyond the statutory maximum. Blakely, 542 U.S. at 305 n. 8, 124 S.Ct. 2531 ("Whether the judicially determined facts require a sentence enhancement or merely allow it, the verdict alone does not authorize the sentence."); see Cunningham, 127 S.Ct. at 869 ("[B]road discretion *1127 to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of our decisions."); Booker, 543 U.S. at 232, 125 S.Ct. 738 (stating that a defendant's right to have the jury find facts essential to the punishment "is implicated whenever a judge seeks to impose a sentence that is not solely based on `facts reflected in the jury verdict or admitted by the defendant'" (quoting Blakely, 542 U.S. at 303, 124 S.Ct. 2531)). We therefore conclude that the discretionary nature of New Mexico's aggravated sentencing process does not escape the strictures of the Sixth Amendment as construed in Booker and Blakely.
C. Facts Admitted When Defendant Entered His Plea
{12} When a defendant enters a plea agreement, the state may seek a sentence enhancement only if the defendant consents to judicial fact-finding or "stipulates to the relevant facts." Blakely, 542 U.S. at 310, 124 S.Ct. 2531. In our case, the State argues that the aggravating factors are in the factual basis of the plea agreement and are thus admitted by Defendant. In making this argument, the State implies that the admissions in Defendant's plea agreement are sufficient to satisfy his constitutional rights under Blakely. We disagree. Contrary to the State's assertions, Defendant did not stipulate to the relevant facts, that is, the facts pertinent to the aggravating factors of a sentence enhancement. See id. Rather, Defendant stipulated to the facts relevant to the elements of the crimes to which he pled. See Cunningham, 127 S.Ct. at 868 (stating that an element of the charged offense admitted in a defendant's guilty plea does not qualify as an aggravating circumstance). Defendant could not stipulate to the facts relevant to sentencing enhancement at the time of his plea hearing because he did not know that any admissions in the plea agreement were relevant to sentencing enhancement. See State v. Garcia, 121 N.M. 544, 549, 915 P.2d 300, 305 (1996) ("[T]he defendant must understand the consequences of his plea at the time the plea is taken." (emphasis omitted)); State v. Brown, 210 Ariz. 534, 115 P.3d 128, 133 (Ct.App.2005) (holding that facts admitted in the defendant's plea agreement could not be used because "[t]here was no mention in the agreement of the right to a jury trial on sentencing factors"), aff'd in relevant part, 212 Ariz. 225, 129 P.3d 947, 953 (2006).
{13} We further observe that the State's argument rests on the premise that Defendant waived his right to a jury determination of the aggravating factors when he waived his right to a jury trial in the plea agreement. See State v. Paredez, 2004-NMSC-036, ¶ 7, 136 N.M. 533, 101 P.3d 799 ("By entering a guilty plea, a criminal defendant waives a number of constitutional rights, including his or her . . . right to a jury trial[.]"). The New Mexico Supreme Court recognized in Garcia that the record must affirmatively show that a plea was knowing and voluntary before the plea agreement can stand as a valid waiver of constitutional rights. 121 N.M. at 547, 915 P.2d at 303. A plea is knowing and voluntary when the record reflects that the defendant "has been informed of the nature of the charges, acts sufficient to constitute the offense, the right to plead not guilty, the right to a jury trial, the right to counsel, and the permissible range of sentences." Id. (internal quotation marks and citation omitted). In our case, the record does not reflect that at the time Defendant entered his plea, he was informed of his right to a jury trial on the aggravating factors; nor does it appear that Defendant was informed of acts that would be sufficient to constitute an aggravating factor.
{14} Defendant's plea hearing was held before Blakely was decided. Wilson was controlling at the time of sentencing, and therefore neither Defendant nor the State was aware of Defendant's right to a jury determination of aggravating factors. See 2001-NMCA-032, ¶ 4, 130 N.M. 319, 24 P.3d 351 (holding that New Mexico's sentencing scheme provided "for a range of sentences, and that sentencing within this range, based on findings made on the record by the trial court, is constitutional"); cf. Cunningham, 127 S.Ct. at 868 (concluding that the middle term of sentencing prescribed by the California *1128 statutes is the relevant statutory maximum and that imposing an aggravated sentence, based on findings made by the judge, was unconstitutional). Thus, at the time Defendant entered his plea, he was not informed of his right to a jury determination of facts that would support enhancement of his sentence. See State v. Ward, 211 Ariz. 158, 118 P.3d 1122, 1124 (Ct.App.2005) ("[A] waiver of the right to a jury trial in the context of a plea agreement cannot be interpreted as a valid waiver of the right to a jury trial for sentencing proceedings, unless the record shows that the defendant knew, first, that he had this right, and second, that by pleading guilty, he was waiving that right.").
{15} Further, the record does not reveal that Defendant, at the time of his plea agreement, was informed of acts that would be sufficient to constitute aggravating factors. At the time, the State had no need to rely on admissions of acts in the plea agreement to support the aggravating factors because aggravating factors were determined by a judge pursuant to Section 31-18-15.1 under Wilson. In addition, the State had no impetus to inform Defendant of acts constituting sufficient evidence of aggravating circumstances because the State did not intend to ask the court below to aggravate the sentence. Thus, we conclude that Defendant was not informed of acts that would constitute sufficient evidence of aggravating circumstances when he entered into the plea agreement.
{16} For the foregoing reasons, we hold that Defendant's waiver of his right to a jury trial in the plea agreement was not a voluntary and intelligent waiver of his right to a jury trial on the sentence enhancement factors. The majority of other jurisdictions considering this issue have reached the same conclusion. Ward, 118 P.3d at 1127; see, e.g., Brown, 115 P.3d at 138; People v. Johnson, 121 P.3d 285, 288 (Colo.Ct.App.2005) (concluding that "[a] defendant's admission of a factual basis for the guilty plea is not the equivalent of either an admission that the same facts constitute aggravating factors for sentencing purposes or a consent to judicial factfinding"), rev'd on other grounds, 142 P.3d 722, 724 (Colo.2006); State v. Fairbanks, 688 N.W.2d 333, 336-37 (Minn.Ct. App.2004) (holding that the defendant's waiver of his right to trial by jury was not a waiver of his right to a jury determination of aggravating factors); State v. Gornick, 196 Or.App. 397, 102 P.3d 734, 741 (2004) ("To be valid, a waiver must be an intentional relinquishment or abandonment of a known right or privilege." (internal quotation marks and citation omitted)), rev'd on other grounds, 340 Or. 160, 130 P.3d 780, 785 (2006); State v. Curtis, 126 Wash.App. 459, 108 P.3d 1233, 1236 (2005) (holding that the defendant "could not knowingly, voluntarily, and intelligently waive his Blakely rights" during allocution when the defendant did not know of these rights); cf. Higginbotham v. State, 826 N.E.2d 5, 7 (Ind.Ct.App.2005) (holding that the defendant waived his right to a jury trial on aggravating factors when he agreed to a specific sentence in his plea).
{17} Finally, the State argues in the alternative that even if Defendant's sentence is unconstitutional, this Court should remand for reconsideration of Defendant's plea. The State cites no authority and provides no analysis in support of its request. Thus, we decline to consider this contention. See Santa Fe Exploration Co. v. Oil Conservation Comm'n, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992) (stating that the appellee is required to provide citations to authorities in support of its arguments); see also Rule 12-213(A)(4), (B) NMRA.
IV. CONCLUSION
{18} We conclude that Defendant's sentence violated his right to a jury trial, and we remand to the trial court with instructions to resentence Defendant in accordance with this opinion and Sixth Amendment requirements, as discussed in Cunningham, 127 S.Ct. at 871 (stating that "several [s]tates have modified their systems . . . by calling upon the jury-either at trial or in a separate sentencing proceeding-to find any fact necessary to the imposition of an elevated sentence"), and Blakely, 542 U.S. at 310, 124 S.Ct. 2531 ("When a defendant pleads guilty, the [s]tate is free to seek judicial sentence enhancements so long as the defendant either stipulates *1129 to the relevant facts or consents to judicial factfinding.").
{19} IT IS SO ORDERED.
WE CONCUR: JONATHAN B. SUTIN, Chief Judge and IRA ROBINSON, Judge.