BURNS, District Judge,
concurring in part and dissenting in part:
I agree that the decision of the Arizona Court of Appeals rejecting Lemke’s double jeopardy claim was not contrary to, or an unreasonable application of, clearly established Federal law. I don’t agree, though, that Lemke still had a double jeopardy claim left after he pled guilty to • felony murder. Lemke signed a plea agreement in which he bargained away his right to pursue “any and all motions, defenses, objections or requests which he [had] made or raised, or could assert hereafter, to the court’s entry of judgment against him.” But after he got what he bargained for— namely, a favorable sentence — he reneged on his promise to drop his defenses and appeals. We shouldn’t let him get away with such perfidy.
The panel majority holds as a threshold matter that under Menna v. New York, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), a double jeopardy claim is not impliedly waived by a defendant’s open guilty plea, provided the defendant is not challenging his factual guilt and his claim can be resolved without considering evidence outside the record. Majority opinion at 1097. I agree with that. The majority also seems willing to accept that a double jeopardy claim can be expressly waived by a plea agreement. I agree with that too. But the majority thinks that the comprehensive waiver language in Lemke’s plea agreement does not cover his failed double jeopardy claim, which was the mainspring of his defense before he decided to plead guilty to felony murder. That’s where I disagree.
After the jury convicted Lemke of theft, but hung on the felony murder count, Arizona sought to retry him for felony murder. Lemke objected, raising his double jeopardy defense in a motion with the state trial court. The trial judge denied the motion. Lemke next raised the defense in a petition for special action — basically, an interlocutory appeal — with the Arizona Court of Appeals. That court also rejected it. Lemke then sought to raise the defense in the Arizona Supreme Court, which refused to hear his claim.
Having exhausted his double jeopardy defense in the state courts, Lemke faced going to trial again and, if convicted, pursuing his arguments on direct appeal or on collateral review in the federal courts. He instead opted to make a deal with the State. In exchange for a parole eligible sentence that would run concurrently with the sentence he was already serving for theft, Lemke promised to plead guilty to felony murder, end his legal challenges, and serve his time. The State kept its word; Lemke was sentenced to concurrent time on the felony murder charge, and was declared eligible for eventual parole. That should have ended the matter, but then he filed a habeas corpus petition with our court.
The majority gets off on the wrong foot by misconstruing the plain language of Lemke’s plea agreement, then compounds its misstep by ignoring the context in which the agreement was entered into. The waiver language “is broad,” the majority concedes, but they still find it insufficient because it doesn’t specifically mention “double jeopardy” or any other particular subject matter. It doesn’t have to. The two requirements for a valid waiver are that it must be “voluntary in the sense that it was the product of a free and deliberate choice,” which is not in issue here, and “made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.” Moran v. *1106 Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Yes, the Ninth Circuit requires an express waiver of collateral attack. United States v. Benboe, 157 F.3d 1181, 1183 (9th Cir.1998); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994). And, yes, the language must encompass what is actually being waived. United States v. Leniear, 574 F.3d 668, 672 (9th Cir.2009). But under any fair understanding of language, Lemke’s plea agreement meets those requirements. His sweeping commitment to give up “any and all” defenses “he has made or raised” surely encompasses the double jeopardy defense — the only defense that he had raised at all levels in the Arizona courts. And his categorical pledge that his waiver would extend to any “motions, defenses, objections, or requests” that he “could assert hereafter” just as surely covers a collateral attack. In spite of the majority’s parsing, the language isn’t ambiguous, superfluous, or redundant. It conveys Lemke’s all-inclusive promise to stop defending against the charge. No amount of parsing can change that.[1]
The case that should guide our determination of whether Lemke’s waiver was express enough is Ricketts v. Adamson, 483 U.S. 1, 8-9, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). In Adamson, a defendant who pled guilty to a lesser charge under a plea agreement went back on his word after he received the benefit he bargained for. In response to the defendant’s breach, the state reinstated the original charges and tried and convicted him. Our circuit on habeas review, like the majority here, held that the defendant’s plea agreement didn’t waive his double jeopardy claim because it didn’t explicitly mention the words “double jeopardy.” Adamson v. Ricketts, 789 F.2d 722, 728 (9th Cir.1986) (en banc). But the Supreme Court dismissively rebuffed that cramped view, saying “we do not find it significant, as did the Court of Appeals, that ‘double jeopardy’ was not specifically waived by name in the plea agreement.” 483 U.S. at 9, 107 S.Ct. 2680. The point was, according to the Court, that more general language could be “precisely the equivalent to an agreement waiving the double jeopardy defense.” Id. at 10, 107 S.Ct. 2680. So it is here, where Lemke’s commitment to “waive any and all defenses” subsumes the particular defense he raises and is therefore precisely equivalent to a lesser promise to “waive the defense of a double jeopardy.”
The majority suggests that statements made by the Arizona trial judge during the change of plea colloquy show that Lemke retained the right to bring a federal habe-as corpus petition. I don’t see how. The judge correctly informed Lemke that, as part of his plea agreement, he had waived any right to appeal. But because Arizona, under its state constitution, permits a defendant to file a “petition for post conviction relief’ in every criminal case, the judge went on to inform him of that. This right, known as “a Rule 32 of-right pro *1107 ceeding,” see State v. Ward, 211 Ariz. 158, 161-62, 118 P.3d 1122 (2005), is peculiar to Arizona and has nothing to do with federal habeas corpus. The judge made that clear by telling Lemke that his petition had to be filed with “the sentencing judge.” Lemke eventually filed a Rule 32 petition, but it was summarily denied because the sentencing judge found that every issue Lemke raised, including double jeopardy, “was either raisable on direct appeal or has been waived at trial or on appeal.” See Lemke v. Ryan, Case No. CR 9-CV-1059 (D.Ariz.), Doc. No. 15-7 (June 5, 2008). And, indeed, Lemke can’t challenge that ruling in this court because a Rule 32 petition is strictly a state remedy that does not implicate federal habeas corpus jurisdiction. See Hunt v. Vasquez, 899 F.2d 878, 880 (9th Cir.1990) (habeas corpus insures that a federal forum is available to vindicate a violation of a federal right; there is no federal right to any particular state law regime).
Lemke got what he bargained for, and I see no reason to let him out of his obligations under the plea agreement. “[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.” United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). If the state may, as in Adamson, prosecute a defendant on the original charges following his breach of a plea agreement, then it should also be permitted to hold him to the plea agreement in the first place. Lemke knew he had to abandon his double jeopardy defense in order to wrangle sentencing concessions from the State. He made a calculated and voluntary choice to waive it, and we should treat his choice no differently from the way the Supreme Court treated the choice made by the defendant in Adamson.
By failing to enforce Lemke’s express waiver, we risk undermining the integrity of the plea bargaining process. “Plea bargains are an important — indeed an essential — component of our criminal justice system; they provide vast benefits to the government, to our courts, to the public and to criminal defendants.” United States v. Gonzalez, 981 F.2d 1037, 1040 (9th Cir.1992) (Kozinski, dissenting). Parties bargain with the expectation that the bargains they reach will be enforced. Accordingly, our circuit has generally treated plea agreements as binding contracts, United States v. Gonzalez-Melchor, 648 F.3d 959, 963 (9th Cir.2011) (“We construe a plea agreement as a contract between a government and a defendant”), and absent good reason not to we respect and enforce the bargains the parties make.
Here the State bargained for a guilty plea to a murder charge, and offered Lemke a reduced sentence in exchange. But it also bargained for finality — that if the judge accepted and followed the plea agreement, the charge would stick and Lemke’s murder conviction would be final. Our circuit has described finality as “perhaps the most important benefit of plea bargaining.” United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990). Except apparently in this case. In my view, it’s simply unfair to let Lemke flout his obligations under the plea agreement, deprive the State of the benefit of its bargain, and put us to the task of reconsidering legal issues in a case that should have been final. See United States v. Pratt, 657 F.2d 218, 220 (8th Cir.1981) (defendant “pleaded guilty, presumably, because he preferred the certainty of a maximum of ten years to the risk of conviction and punishment on each of six counts.... [W]e think it would be unfair ... to consider now the double jeopardy claim urged by defendant.”).
*1108 A deal’s a deal, and we should enforce this one.

. The majority says a § 2254 petition isn't a ''motion[], defense[], objection[], or request ].” Majority opinion at 1096. Maybe that's right, although our circuit has at least casually referred to § 2254 habeas petitions as "motions.'' See, e.g., Lee v. Lampert, 653 F.3d 929, 935 n. 10 (9th Cir.2011) (en banc); Boyd v. Newland, 467 F.3d 1139, 1145 n. 4 (9th Cir.2006). This misses the point, though. Even assuming Lemke’s § 2254 petition isn't a "motion," the double jeopardy claim driving the petition is certainly a "defense" or "objection” to the entry of judgment against him, just as it’s one that Lemke had "made or raised" at the time he signed the plea agreement and that he "could assert hereafter.” Because there is no ambiguity here, the benefit of the doubt principle that would have us construe the plea agreement in his favor doesn’t apply. See United States v. Transfiguracion, 442 F.3d 1222, 1228 (9th Cir.2006).