NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ERIK GABRIEL BENALLY, *Petitioner*.

No. 1 CA-CR 16-0491 PRPC
FILED 8-29-2017

Petition for Review from the Superior Court in Coconino County
No. S0300CR201400037
The Honorable Dan R. Slayton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Marc Stanley
*Counsel for Respondent*

Erik Gabriel Benally, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**         Erik Gabriel Benally petitions for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Benally was found guilty of aggravated assault, shoplifting, and refusal to give his name. He was sentenced to 9 years in prison.

**¶3**         Benally filed a notice of appeal raising two claims. *See State v. Banally*, 1 CA-CR 15-0022, 2015 WL 6549164 (Ariz. App. Oct. 29, 2015) (mem. decision). On direct appeal, he alleged that the State had failed to prove every element of the offense, and the prosecutor had improperly vouched for a witness by shaking the witness's hand. *Id.* at *1–2, ¶¶ 6–7. This court affirmed Benally's convictions and sentences.

**¶4**         On December 18, 2015, Benally filed a Notice of Post-Conviction Relief. He was appointed counsel. However, Benally moved to dismiss his appointed counsel stating he never requested counsel be appointed, and he wished to proceed without an attorney. The superior court granted Benally's motion to proceed without counsel, but required counsel to remain in an advisory role. Later, the superior court granted advisory counsel's motion to withdraw.

**¶5**         Benally filed his petition for post-conviction relief checking many of the boxes on the petition form designating categories of claims. However, the boxes checked, in most cases, do not reflect the issues or arguments presented by Benally in his memorandum. The State filed a response and Benally filed a reply. The superior court denied Benally's petition finding all but his ineffective assistance of counsel claim precluded and that claim not supported by fact or law.

## DISCUSSION

**¶6** Benally's petition for review raises the following claims: (1) a *Brady* violation for failure to preserve video evidence claimed to be exculpatory; (2) jury issues related to the lack of Native Americans seated on the jury and the inclusion on the jury panel of two biased jurors; (3) ineffective assistance of counsel related to alleged advice given during plea negotiations; (4) an allegation that the knife used in the offense could not be connected to Benally; and (5) evidence of prior convictions used as aggravating factors were inaccurate and the judge was biased as he used the prior convictions in determining the sentence.

**¶7** We will not reverse a trial court's summary dismissal of post-conviction relief proceedings unless there is an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 325 (1990); *State v. Ward*, 211 Ariz. 158, 161, ¶ 7 (App. 2005). "A court abuses its discretion if a decision is manifestly unreasonable or is based on untenable grounds[,]" *Schwartz v. Superior Court*, 186 Ariz. 617, 619 (App. 1996), or if the reasons given for its action are legally incorrect. *State v. Chapple*, 135 Ariz. 281, 297, n.18 (1983), *superseded by statute on other grounds*, *State v. Goudeau*, 239 Ariz. 421, 459, ¶ 154 (2016).

**¶8** Any claim that was, or could have been raised, on direct appeal is precluded except for claims raised under Arizona Rule of Criminal Procedure 32.1(d)–(h). Except for the ineffective assistance of counsel claim, all of Benally's claims are precluded for not raising the claims in his direct appeal. The superior court correctly precluded all claims except for ineffective assistance of trial counsel.

**¶9** A defendant is entitled to effective representation during plea negotiations with the State. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). To succeed on a claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985). To establish counsel's deficient performance during plea negotiations, a defendant must show that counsel either (a) gave erroneous advice or (b) failed to give information necessary to allow the defendant to make an informed decision whether to accept the plea. *Donald*, 198 Ariz. at 413, ¶ 14.

¶10　　　　The erroneous advice required for relief does not include counsel's opinion that a defendant may prevail at trial. *Morgan v. State*, 991 So.2d 835, 841 (Fla. 2008) ("The mere fact that [the defendant] did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged."), *modified on other grounds*, *Alcorn v. State*, 121 So.3d 419, 422 (Fla. 2013). Here, Benally provided no evidence or argument that counsel's opinion was based on an unreasonable assessment of the chances of success because counsel had not investigated or otherwise become familiar with the case. A review of the record, including the minute entry detailing the case management conference where a plea was discussed, supports the superior court's finding that there was no colorable ineffective assistance of counsel claim.

## CONCLUSION

¶11　　　　We grant review but deny relief.

