**Tracey WILLIAMS, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0412–CR–662.

Court of Appeals of Indiana.

Oct. 31, 2005.

Robert D. King, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Tracey Williams appeals the sentence imposed by the trial court after his plea of guilty on one count of theft, a class D felony.

We affirm.

*ISSUE*

Whether the trial court erred in sentencing Williams.

*FACTS*

The State charged Williams with having knowingly exerted unauthorized control over U.S. currency belonging to the Roly Poly restaurant between February 24, 2004, and March 10, 2004, with the intent to deprive Roly Poly of any part of its value or use. On October 26, 2004, Williams presented his signed plea agreement to the trial court. According to the plea agreement, the maximum executed sentence would be 365 days. Williams affirmed to the trial court that he had committed this act while employed at Roly Poly, and that he had diverted the money to his own use without permission.

A sentencing hearing was held on November 16, 2004. Williams confirmed the accuracy of the presentence investigation report (PSI) with respect to a criminal history that included several convictions for felonies and numerous misdemeanor convictions. Williams affirmed that his probation had been revoked twice, and that he was on parole when he committed the instant theft. Williams informed the trial court that he had substance abuse problems, for which he needed help, and that he was committed to reforming himself. Williams also informed the trial court that he had two children that he knew were his and two who might be, but he conceded that his paternity had never been established for any of them.

In imposing sentence, the trial court stated it found

as an aggravating factor in this particular case the extensive criminal history of the defendant. In addition to the robbery in '87 there's a carrying a handgun in '99 but that was preceded by a possession of cocaine which was a D felony. So this would be his, at least his fourth felony. He has other serious misdemeanors of battery, residential entry which was charged as a D felony but entered as an A misdemeanor. And all told, this will be at least his eighth perhaps his ninth conviction and his fourth felony charge. As a further aggravating factor I would note that he was on parole at the time that this charge was filed. I would also note that the probable cause affidavit indicates that he essentially started stealing from Roly Poly the day after he was hired.

(Tr. 43). After a brief interruption, the trial court continued as follows:

The nature of the offense is an aggravating factor. This is not an incident in which you just stole on impulse. You stole on several occasions. . . . . You started stealing virtually from the day that you were hired as a matter of fact. I think it's a proper inference that you probably took the job to steal as opposed to work. Now it's indicated as a mitigating factor that you have a relationship with one of your children and

the child would suffer hardship in the event of a period of incarceration. Frankly it's hard for me to credit you very much for your relationship with your children if you've not taken the basic step of having your paternity established for the child so that the child is legally protected. And I'm not going to consider it a hardship to the child in the absence of such steps on your part. With reference to your problems of drug addiction, I'm not unsympathetic. I understand that some of your behavior is compulsive but on the other hand you've had opportunities. You've known that you've had a drug problem for a long time. You were convicted of possession of marijuana, possession of cocaine. It should have been very evident to you that you needed to turn yourself in to some sort of intense program. You neglected to even try to do that until the last moment after you realized that you were in trouble again. These types of deathbed conversions are not as persuasive as other types of efforts on your part. I think that the aggravating factors far outweigh the mitigating factors in your particular case. There has to be an element of accountability for your criminal behavior and I believe that the plea agreement is mitigated by imposing a cap of 365 days. Frankly, ... but for the cap, I would have exceeded it in terms of the period of executed time. On the other hand I feel that it's possible that you could rehabilitate yourself with some drug treatment help and the executed time will be followed by a probationary period when you can get the help that you say that you want to take advantage of.

(Tr. 46–47). The trial court then sentenced Williams to 730 days, ordering him to serve 365 days executed and suspending 365 days.[1]

## DECISION

■ Williams argues that his sentence is improper. Specifically, he argues that the trial court's finding of an aggravating factor that referred to the nature of Williams' offense "was error in light of *Smylie v. State*, 823 N.E.2d 679, 688 (Ind. 2005), *pet. for cert. filed* ], which held that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) "should apply to all cases pending on direct review at the time *Blakely* was announced in which the Appellant has adequately preserved Appellant [sic] review of the sentence." Williams' Br. at 3, 4. The State responds that Williams failed to assert his *Blakely* rights, and that the valid aggravating factors of Williams' criminal history and his being on parole at the time of his offense comport with *Blakely* and its progeny.

Contrary to Williams' assertion, his case was not pending on direct review at the time *Blakely* was announced. *Blakely* was issued on June 24, 2004, four months before Williams signed the plea agreement and more than six months before his sentencing. Moreover, as explained below, not only did Williams fail to assert to the trial court his rights pursuant to *Blakely*, but he expressly waived them.

■ *Blakely* reiterated the Sixth Amendment rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely*, 124

---

**1.** The presumptive sentence for a class D felony is 1½ years, with the maximum enhancement being an additional 1½ years. Ind.Code § 35–50–2–7(a).

S.Ct. at 2536. In *Smylie*, our Supreme Court held that *Blakely* applies to Indiana's sentencing scheme. 823 N.E.2d at 684–85. Summarizing *Blakely*'s application, our Supreme Court has explained as follows:

> Under *Blakely*, a trial court in a determinate sentencing system such as Indiana's may enhance a sentence based only on those facts that are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived *Apprendi* rights and stipulated to certain facts or consented to judicial factfinding.

*Trusley v. State*, 829 N.E.2d 923, 925 (Ind. 2005) (citing *Blakely*, 124 S.Ct. at 2537, 2541; *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005)).

Williams' plea agreement contains an advisement and waiver of rights, which explains "certain rights that you have." (App.60). It advised Williams that he "must READ" the advisement "carefully," and to "initial that [he] read and underst[oo]d each" of the rights explained. *Id.* One provision therein reads as follows:

> You have the right to have a jury determine, by proof beyond a reasonable doubt, the existence of any fact or aggravating circumstance that would allow the Court to impose a sentence in excess of the statutory presumptive sentence and to have the State of Indiana provide written notification to the defendant of any such fact or aggravating circumstance. The defendant *hereby waives such rights and requests that the Judge of this court make the determination of the existence of any aggravating and/or mitigating circumstances and impose sentence*, after consideration of all appropriate argument and evidence at a sentencing hearing.

*Id.* (emphasis added). Williams initialed the provision.

The final provision in the advisement reads as follows:

> You have been given the opportunity to read *the Probable cause Affidavit* and information filed in this case and *the facts contained in it are true* and constitute a factual basis for your plea.

*Id.* (emphasis added). Williams also initialed this provision.

Finally, after the above initialed provisions, Williams signed the advisement and waiver of rights. He signed below the statement that by signing the form, he "certif[ied]" that he had read all provisions, "underst[oo]d each paragraph and wish[ed] to waive and hereby d[id] waive each and every right contained in those paragraphs." *Id.*

Williams claims that the trial court's "factual determinations" as to the nature of his offense "were made simply from a review of the ... probable cause affidavit,[2] without subjecting" that factual determination "to the fact-finding process" required by *Blakely*. Williams' Br. at 5. However, Williams had "waived [his] *Apprendi* rights"; he "stipulated to" the facts in the probable cause affidavit, and he "consented to judicial factfinding." *Trusley*, 829 N.E.2d at 925. Therefore, the trial court did not err in finding the facts of Williams' theft to be an aggravating factor and using that aggravating factor along with the oth-

---

**2.** According to the probable cause affidavit, the manager of Roly Poly reported that she hired Williams on February 23, 2004; the next day, the cash register was $96.00 short; thereafter, every day Williams worked, the register was short, but on days he did not work, the cash in the register balanced correctly.

er aggravating factors it found in order to enhance the 1 ½-year presumptive sentence and impose a 2–year sentence.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.