Leslie G. **MILLER,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

**No. 40A01–0707–CR–343.**

Court of Appeals of Indiana.

July 22, 2008.

Transfer Denied Sept. 18, 2008.

Alison T. Frazier, Madison, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Marjorie Lawyer–Smith, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

RILEY, Judge.

Appellant–Defendant, Leslie Miller (Miller), petitions for rehearing, asking us to revisit his sentence for three counts of child molesting, one Class A felony and two Class C felonies, Ind.Code § 35–42–4–3, in light of the trial court's "Order Clarifying Sentence," which the trial court entered *sua sponte* after we issued our original opinion. Because Miller's sentence, as clarified by the trial court, violates the United States Supreme Court's opinion in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* we are bound to grant Miller's petition.

█ In his appellant's brief, Miller argued that his sentence violated *Blakely.* He relied upon the trial court's oral sen-

tencing statement, in which the trial court indicated that it was imposing an enhanced sentence of thirty-five years on the Class A felony child molesting conviction. In our original opinion, we acknowledged the trial court's oral sentencing statement but found that the trial court's true intent was found in three written documents—the written sentencing statement, the abstract of judgment, and the chronological case summary—in which the trial court indicated that it was imposing the presumptive sentence of thirty years on the Class A felony. As such, we did not reach the merits of Miller's *Blakely* arguments, noting that "*Blakely* is only implicated when the sentence imposed exceeds the presumptive term." *Miller v. State,* 884 N.E.2d 922, 927 (Ind.Ct.App.2008) (citing *Hightower v. State,* 866 N.E.2d 356, 371 n. 13 (Ind.Ct.App.2007)).

After we issued our opinion, the trial court issued the following "Order Clarifying Sentence":

Comes now the Court, *sua sponte,* and in response to the Opinion of the Court of Appeals of Indiana dated April 29, 2008 referencing the difference in the transcript of the sentencing hearing and the written order and abstract of judgment, now amends the Abstract of Judgment to reflect the sentenced [sic] imposed by the Court at the sentencing hearing as follows:

Count II—Child Molesting—thirty-five (35) years, ten (10) years suspended;

All other terms and conditions of the Order remain the same.

(Appellant's Pet. for Reh'g p. 4). In doing so, the trial court sanctioned a sentence that violates *Blakely.*

█ Post-*Blakely,* an Indiana trial court operating under the former presumptive sentencing scheme may enhance a sentence based only on those facts that are established in one of several ways: (1) as a

fact of prior conviction; (2) by a jury beyond a reasonable doubt; (3) when admitted by a defendant; and (4) in the course of a guilty plea where the defendant has waived *Apprendi* [1] rights and stipulated to certain facts or consented to judicial fact-finding. *Trusley v. State*, 829 N.E.2d 923, 925 (Ind.2005). The trial court based its enhancement on four aggravating circumstances: (1) Miller's acts were part of an ongoing scheme or plan rather than an isolated incident of extremely poor judgment; (2) the negative emotional impact on A.W.; (3) Miller used gifts to foster the relationship; and (4) Miller violated the position of trust he held with A.W. As Miller notes, without objection from the State, none of these facts was established in accordance with *Trusley*.[2] We therefore remand this cause to the trial court with instructions to impose the presumptive sentence of thirty years on the Class A felony.

Because we reach this resolution, we need not address Miller's argument that his sentence is inappropriate. In our original opinion, we determined that a thirty-year sentence is not inappropriate in light of the nature of Miller's offenses and his character. We stand by that conclusion today, along with the remainder of our original opinion.

Rehearing granted and cause remanded with instructions.

BAKER, C.J., and ROBB, J., concur.

1. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

2. The State did not file a response to Miller's petition for rehearing, and in its appellee's brief, it did not argue that the trial court's aggravators were proper under *Blakely*. Rather, it argued that *Blakely* was not impli-
cated in this case because the trial court imposed the presumptive sentence of thirty years on the Class A felony. Given the trial court's three written documents indicating as much, we cannot fault the State for its approach.