**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KELLY N. BRYAN**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SCOTT C. HAISLEY,                )
                                 )
   Appellant-Defendant,          )
                                 )
      vs.                      )    No. 18A02-1106-CR-568
                                 )
STATE OF INDIANA,                )
                                 )
   Appellee-Plaintiff.           )

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-0910-FA-16

**MARCH 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Scott Haisley appeals the sentence he received after pleading guilty to child molesting, a Class A felony. Ind. Code § 35-42-4-3 (1994).

We affirm.

## ISSUE

Haisley presents one issue, which we restate as: whether the trial court sentenced him in violation of his rights under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

## FACTS AND PROCEDURAL HISTORY

Haisley was charged with three counts of child molesting in October 2009. In December 2010, he pleaded guilty to one count of child molesting as a Class A felony. Pursuant to the plea agreement, Haisley's sentence was left to the discretion of the trial court. The court sentenced Haisley to forty-five years executed with credit for time served in jail and on home detention. It is from this sentence that Haisley now appeals.

## DISCUSSION AND DECISION

Haisley's sole contention is that the trial court sentenced him in violation of his rights under *Blakely*. Specifically, Haisley argues that he did not waive his rights under *Blakely* and consent to judicial fact-finding for the determination of aggravating factors to support his enhanced sentence. We note that *Blakely* is not applicable under Indiana's current advisory sentencing scheme. *Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). However, Haisley committed the

instant offense prior to the amendments to Indiana's sentencing scheme in April 2005; therefore, he is entitled to be sentenced under the former presumptive sentencing scheme to which *Blakely* does apply. *See Robertson v. State*, 871 N.E.2d 280, 286 (Ind. 2007).

In *Apprendi v. New Jersey* the Supreme Court declared that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Four years later *Blakely* clarified that the statutory maximum referred to in *Apprendi* is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303. Subsequently, our Supreme Court held that *Blakely* was applicable to Indiana's sentencing scheme because our presumptive term constituted the statutory maximum as that term was defined in *Blakely*. *See Smylie v. State*, 823 N.E.2d 679, 683 (Ind. 2005).

Under *Blakely*, a trial court may enhance a sentence based only on those facts that are established in one of several ways: (1) as a fact of prior conviction; (2) by a jury beyond a reasonable doubt; (3) when admitted by a defendant; and (4) in the course of a guilty plea where the defendant has waived *Apprendi* rights and stipulated to certain facts or consented to judicial fact-finding. *Trusley v. State*, 829 N.E.2d 923, 925 (Ind. 2005). *Blakely* rights are subject to knowing, intelligent, and voluntary waiver. *Higginbotham v. State*, 826 N.E.2d 5, 6 (Ind. Ct. App. 2005). In his brief, Haisley asserts that this case involves only the fourth factor. He claims that the language in his plea agreement was

3

ineffective to constitute a waiver of his *Blakely* rights and that he did not knowingly, intelligently, and voluntarily waive his rights.

Paragraph 3 of Haisley's plea agreement provides as follows:

The Defendant understands that the State and Federal Constitutions guarantee all criminal Defendants certain rights, among them being the right to trial by jury (including the possibility, under Blakely v. Washington, that the Defendant might have the right to have a jury determine beyond a reasonable doubt the existence of aggravating factors to support an aggravated sentence), to a speedy, public trial, to be free from self-incrimination, to confront and cross-examine the State's witnesses, to have compulsory process for obtaining witnesses for the defense, to require the State to prove guilt beyond a reasonable doubt, and the right to appeal a finding of guilt if the Defendant had gone to trial. The Defendant further understands that [t]he entry of a guilty plea pursuant to this agreement waives those rights, constitutes an admission of the truth of all the facts alleged in the information count to which a plea of guilty has been entered, and requests that the judge determine the existence of any aggravating factors after consideration of the Pre-Sentence Investigation report and the arguments and evidence to be presented at sentencing.

Appellant's App. p. 63. The plea agreement specifically refers to *Blakely* and "aggravating factors" that would support an "aggravated sentence." *Id.* Moreover, the final sentence clearly sets forth that Haisley waives the rights discussed in paragraph 3 and specifically requests that the judge determine the existence of any aggravating factors. Further, the second page of the agreement required Haisley to sign below the statement: "The Defendant has read, understood and approved all the foregoing provision[s]." *Id.* at 64. In addition, at the plea hearing, Haisley acknowledged to the trial court that it was his signature on the plea agreement and that no one had forced him to sign the plea agreement. Haisley has not persuaded us that his waiver was not made

4

knowingly, intelligently, and voluntarily. *See, e.g.*, *Miller v. State*, 884 N.E.2d 922, 926-28 (Ind. Ct. App. 2008) (concluding that defendant waived his *Blakely* rights based upon terms of plea agreement that he had "voluntarily waived the right to have a jury determine the aggravating or mitigating circumstances that can enhance or reduce your sentence above or below the presumptive sentence" and his acknowledgments at plea hearing), *modified on other grounds on reh'g*, 891 N.E.2d 58 (2008), *trans. denied*; *see also Williams v. State*, 836 N.E.2d 441, 443-45 (Ind. Ct. App. 2005) (finding a valid waiver of defendant's *Blakely* rights based upon provisions of plea agreement).

CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that Haisley knowingly, intelligently, and voluntarily waived his *Blakely* rights and consented to judicial fact-finding based upon the language contained in his plea agreement.

Affirmed.

RILEY, J., and KIRSCH, J., concur.